UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DESMOND L. TURNER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 1:16-CV-280-CLC |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM**

Federal inmate Desmond Turner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Turner's § 2255 motion will be denied.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2014, Turner pleaded guilty and was convicted of committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Doc. 32 in No. 1:13-CR-62). On March 4, 2014, this Court entered its judgment sentencing Turner to an aggregate term of 111 months'

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

imprisonment, consisting of 27 months for the robbery, and the statutorily-mandated minimum consecutive term of 84 months for the firearms offense (*id*.). Turner did not appeal.

In June 2016, Turner filed a motion for the appointment of counsel and the instant pro se § 2255 motion for a lesser sentence in light of the holding of *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (Doc. 1). The Court ordered the Government to respond, and the Government filed its response on July 28, 2016 (Doc. 3). The following day, on July 29, 2016, the Court received from Turner a motion seeking to proceed *in forma pauperis* in this action (Doc. 5). These matters are ripe for review.

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

The residual clause of the ACCA struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one

year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563. Turner claims that the reasoning of *Johnson* also invalidated the residual clause in § 924(c)(3)(B)'s definition of a crime of violence, which requires vacatur of his § 924(c) conviction (Doc. 1 p. 4).

Under 18 U.S.C. § 924(c), it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Sixth Circuit has expressly held that *Johnson*'s reasoning does not invalidate the differently-worded residual clause of § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Moreover, because the Supreme Court expressly stated in *Johnson* that it was not invalidating the ACCA's use-of-force clause, *Johnson* has no application to the similarly-worded use-of-force clause in § 924(c)(3)(A). *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, even if *Johnson* did invalidate the residual clause of § 924(c)(3)(B), Turner's conviction would nonetheless be valid under § 924(c)(3)(A)'s use-of-force clause. A Hobbs Act robbery by definition involves the taking of property "by means of actual or threated force, or violence, or fear of injury," and therefore, categorically involves the use, attempted use, or threatened use of such force. 18 U.S.C. § 1951(b)(1); *see also, e.g.*, *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (holding

Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause). Accordingly, the Supreme Court's holding in *Johnson* does not provide Turner with a basis on which to challenge the validity of his convictions.

IV. **ASSOCIATED MOTIONS**

Turner has filed a motion seeking the appointment of counsel to assist him in his § 2255 proceedings (Doc. 2). However, this Court has found that Turner's allegations are meritless, and that an evidentiary hearing is not warranted. Accordingly, Turner's motion for the appointment of counsel will be denied. *See* 18 U.S.C. § 3006A(a)(2)(B) (authorizing court to appoint counsel for § 2255 applicant when it "determines that the interests of justice so require"); Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts (requiring court to appoint attorney to indigent defendant in § 2255 proceeding if evidentiary hearing is warranted).

Also pending before the Court is Turner's motion to proceed *in forma pauperis* in this action. However, because there is no filing fee associated with filing a § 2255 motion, Turner's motion to proceed *in forma pauperis* (Doc. 4) will be **DENIED** as moot. *See* Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 1976 advisory committee note ("There is no filing fee required of a Movant under these rules.").

V. **CERTIFICATE OF APPEALABILITY**

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Turner must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## VI. CONCLUSION

For the reasons stated herein, Turner has failed to establish any basis upon which § 2255 relief could be granted, and his motion (Doc. 1) will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**. Turner's motions for the appointment of counsel and for permission to proceed to proceed *in forma pauperis* in these proceedings (Docs. 2 & 4) will be **DENIED**.

**An Order Will Enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**